UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:26-CR-3-KAC-DCP |
| | ) | |
| SEAN EVANS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Review Attorney Appointment [Doc. 151] filed by Attorney Mary J. Newton ("Attorney Newton") on March 11, 2026. The Court appointed Attorney Newton to represent Defendant Evans on January 28, 2026, at Defendant's initial appearance and arraignment hearing in this District [Doc. 85].[1]

In the motion, Attorney Newton moves the Court to conduct a hearing to review the attorney-client relationship between her and Defendant Sean Evans, Jr. and determine the appropriate way forward for [Doc. 151 p. 1]. According to Attorney Newton, Defendant "has instructed [her] to withdraw from this case" and "has indicated that he does not want to be represented by [her] and will not communicate further with [her]" [*Id.*].

The parties appeared before the Court for a hearing on the motion on March 18, 2026. Assistant United States Attorney Keith Cook appeared on behalf of the Government. Attorney Newton appeared on behalf of Defendant, who was also present. CJA Panel Attorney Robert Kurtz was also present at the Court's request. Attorney Newton stated that other than noting Defendant

---

[1] Defendant was arrested and had his initial appearance on the Indictment [Doc. 3] in the United States District Court, Eastern District of Michigan on January 14, 2026 [*See* Doc. 74].

had instructed her to file the motion, there were no further details concerning the motion that could be shared with the Court outside a sealed hearing. AUSA Cook stated that the Government had no position on the matter.

The Court then conducted a sealed, ex parte portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship, and specifically to ask more detailed questions of Attorney Newton and Defendant Evans. Without going into the confidential nature of that discussion, the Court notes that both Attorney Newton and Defendant Evans responded to the Court's inquiries as reasonably necessary to satisfy the Court that a breakdown has occurred in the trust necessary to the attorney-client relationship and that this loss of trust compromises defense counsel's ability to render effective assistance of counsel. Good cause therefore exists for substitution of counsel.

Accordingly, the Court **GRANTS** Motion to Review Attorney Appointment [**Doc. 151**]. Attorney Mary J. Newton is **RELIEVED** as counsel of record for Defendant Evans. Attorney Robert Kurtz agreed to accept representation of Defendant at the hearing. The Court **SUBSTITUTES and APPOINTS** Attorney Kurtz under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. The Court **DIRECTS** Attorney Newton to provide discovery and information from Defendant's file and discovery to Attorney Kurtz.

Accordingly, the Court **ORDERS**:

(1)     the Motion to Review Attorney Appointment [**Doc. 151]** is **GRANTED**;

(2)     Attorney Mary J. Newton is **RELIEVED** of further representation of Defendant; and

2

(3) Attorney Robert Kurtz is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3